# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41042

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PIOQUINTO HUETO-ALEMAN, also known as Pioquinto Huato-Aleman, also known as Guero,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-144-5

Before DAVIS, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Pioquinto Hueto-Aleman pled guilty to conspiracy to transport unlawful aliens. The district court overruled his objection to a sentencing enhancement based on another conspirator's sexual assault of a minor. Hueto-Aleman appealed. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41042

FACTUAL AND PROCEDURAL BACKGROUND

Hueto-Aleman was a member of an alien-trafficking operation that had five conspirators. He and three other conspirators forcibly moved a group of aliens from a stash house in McAllen, Texas, to a stash house in nearby Brownsville because the alien-trafficking organization running the McAllen house owed the conspirators' organization money. At the Brownsville stash house, the conspirators took the aliens' money and contacted their family members to demand more money. There were weapons throughout the Brownsville house, and one conspirator always carried a long knife. About a week later, the fifth conspirator arrived with more aliens. Both groups were driven north to an area near a Border Patrol highway checkpoint. From there, they were made to walk through the brush country to evade the checkpoint.

Border Patrol agents discovered the aliens walking through the King Ranch outside of Kingsville. The four conspirators serving as guides, including Hueto-Aleman, escaped the agents. The agents learned from the aliens that, earlier that day, one conspirator, Noe Soto-Huato, had forced a 15-year-old unaccompanied female, M.G.C., to get water for the group with him and sexually assaulted her once they were alone. The sentencing issue on appeal concerns whether Hueto-Aleman may be held responsible for this assault.

The agents also learned from the aliens the location of the Brownsville house, executed a search warrant on the house, and found all five conspirators there. The agents found condoms in the house and garage. Most of the conspirators had condoms in their possession. One conspirator, Daniel Solorzano-Garcia, told the officers that the men had condoms because they had consensual sex with the female aliens. Soto-Huato initially told the agents he and M.G.C. had only kissed. When pressed, he admitted he had engaged in sexual activity with M.G.C., but claimed it was consensual.

2

No. 14-41042

Hueto-Aleman pled guilty to conspiracy to transport unlawful aliens. He objected to the four-level sentencing enhancement he received for Noe Soto-Huato's sexual assault of M.G.C. Under the Sentencing Guidelines, a death or bodily injury sustained during the offense increases the offense level based on the seriousness of the injury. U.S.S.G. § 2L1.1(b)(7). Noe Soto-Huato's sexual assault of M.G.C. was a "serious bodily injury," resulting in a four-level increase. *See id.* §§ 2L1.1(b)(7)(B), 1B1.1 cmt. n.1(L). Hueto-Aleman's presentence report ("PSR") included the sexual assault as "relevant conduct" because it was reasonably foreseeable and in furtherance of the jointly undertaken criminal activity. *Id.* § 1B1.3(a)(1)(B).

At the sentencing hearing, the Government offered testimony from two female aliens, Floridalma Rosales-DeLeon and Leticia Elizabeth Martinez-Aviles, to help establish reasonable foreseeability of the sexual assault. Both women testified about the conspirators' numerous sexual advances on the female aliens.

Rosales-DeLeon testified that, one time, the conspirators woke her and two other women, and Hueto-Aleman asked which one of them wanted to sleep with the conspirator Jose Julian Garcia-Pimental because he wanted someone by him. One woman rose and went to Garcia-Pimental. Rosales also said that Hueto-Aleman wanted to touch Martinez-Aviles's breast that night, but Martinez-Aviles said she would push him if he did.

Martinez-Aviles attested to multiple unwanted sexual advances from Hueto-Aleman. Martinez-Aviles testified that Hueto-Aleman touched her buttocks at least once while she was cooking. She told him not to touch her. Then, on another night, Hueto-Aleman lay next to Martinez-Aviles on a mattress and touched her legs. She again told him to leave her alone, and he stopped. Despite these occurrences, both Martinez-Aviles and Rosales-DeLeon testified that the female aliens were not forced to have sexual contact with the

conspirators. Martinez-Aviles also attested that the leader, Sergio Eliodoro Garcia, had previously told Martinez-Aviles that she should let him know if anyone tried to touch her.

During the walk towards Kingsville, the conspirators separated the female aliens from the male aliens and forced the females to sleep close to them. One night, Soto-Huato sexually assaulted Martinez-Aviles. Garcia-Pimental had ordered Martinez-Aviles to come with him because Soto-Huato wanted her. Soto-Huato forced her to lie close to him because he wanted to be "warmed up." He then proceeded to assault her. Martinez-Aviles said three conspirators, including Hueto-Aleman, were "right there alongside," but that they did not realize what was going on.

Regarding Soto-Huato's assault of the 15-year-old, M.G.C., one Border Patrol agent testified that the conspirator Daniel Solorzano-Garcia had told him in an interview that Solorzano-Garcia knew Soto-Huato intended to sexually assault M.G.C. when he took her to get water. The agent did not recall how Solorzano-Garcia knew this.

Hueto-Aleman argued that he was unaware of Soto-Huato's assaults of M.G.C. or Martinez-Aviles. He claimed to know only of consensual sexual activity and thus, the sexual assault was not reasonably foreseeable to him. The Government argued that Hueto-Aleman's committing his own sexual advances and knowledge of other sexual advances made sexual assault reasonably foreseeable to him.

Relying on the PSR and the testimony, the district court overruled Hueto-Aleman's objection and included the sexual assault as relevant conduct. The court characterized the conspiracy as having a "sexually charged atmosphere" because the conspirators sought frequent sexual contact with the female aliens, some of which was consensual, and some of which was not. The conspirators were all aware of these activities. Regarding the "consensual"

4

sexual contact, the district court was not certain the contact could be characterized as consensual because the female aliens had no power vis-à-vis the conspirators. In finding sexual assault reasonably foreseeable, the court specifically noted Solorzano-Garcia's statement to the Border Patrol agent that he knew Soto-Huato intended to assault M.G.C. The court also noted that the female aliens were ordered to go to Soto-Huato to keep him warm, that sexual contact was on-going, and that "this had to be common knowledge to most everyone." The court found that Hueto-Aleman's Guidelines range with this enhancement was 70 to 87 months imprisonment. The court sentenced him to 70 months in prison and three years of supervised release, and Hueto-Aleman timely appealed.

## DISCUSSION

Under the Sentencing Guidelines, a defendant is accountable for other conspirators' actions that are reasonably foreseeable and in furtherance of the jointly undertaken criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(B). Hueto-Aleman objected to his sentencing enhancement for Soto-Huato's assault of M.G.C. on the ground that it "was not a foreseeable act nor was it in furtherance of the jointly undertaken criminal activity." At the sentencing hearing, however, Hueto-Aleman only pressed arguments about whether the sexual assault was reasonably foreseeable. The district court's ruling appears to focus on the question of reasonable foreseeability. Hueto-Aleman does not complain on appeal that the district court erred by focusing on reasonable foreseeability and not explicitly addressing whether the assault was within the scope or in furtherance of the jointly undertaken criminal activity. He also does not present an argument that the sexual assault was not within the scope or in furtherance of the jointly undertaken criminal activity. Instead, Hueto-Aleman's appellate brief focuses entirely on arguing that the district court

No. 14-41042

erred in finding the assault reasonably foreseeable.  Litigants that fail to press arguments on appeal have waived them.  *Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007).  Accordingly, we only review the district court's determination of reasonable foreseeability.

Reasonable foreseeability is a factual finding that we review for clear error.  *United States v. Gutierrez-Mendez*, 752 F.3d 418, 429 (5th Cir. 2014).  Clear error exists if, after reviewing the entire evidence, we are "left with the definite and firm conviction that a mistake has been committed."  *United States v. Mata*, 624 F.3d 170, 173 (5th Cir. 2010).  If a factual finding is "plausible in light of the record as a whole," it is not clearly erroneous and we cannot reverse solely because we would weigh the evidence differently.  *Id.*  At sentencing, the district court must "determine its factual findings . . . by a preponderance of the relevant and sufficiently reliable evidence."  *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005).  The district court can consider any evidence with "sufficient indicia of reliability to support its probable accuracy," including hearsay.  *Id.*

Our analysis is guided by a recent case in which we discussed whether a sexual assault was reasonably foreseeable.  *See Gutierrez-Mendez*, 752 F.3d 418.  There, the district court found a sexual assault in an alien trafficking conspiracy reasonably foreseeable when the female aliens were taken to a separate house for a barbeque, given alcohol, and encouraged to have consensual sex with the conspirators.  *Id.* at 428.  The defendant had instructed the female aliens to let him know if they were disrespected and was present during discussions about who was sleeping with whom.  *Id.*  The district court reasoned that because the situation was designed to encourage consensual sex, it was reasonably foreseeable to the conspirators that sexual assault could occur if the female aliens did not go along with the conspirators' intentions when weapons were present.  *Id.* at 428–29.  The panel affirmed when the

6

defendant offered no evidence other than "his self-serving statements of innocence" to rebut the PSR. *Id.* at 429.

Similarly, these conspirators sought out sexual contact with the female aliens in an environment where there were weapons. Hueto-Aleman made repeated sexual advances towards Martinez-Aviles. He also participated in another conspirator's sexual advances when he asked which female alien would sleep with Garcia-Pimental. The conspirators were also aware of each other's advances on the female aliens as is evident by Garcia's instruction to Martinez-Aviles that he should let her know if anyone touched her. Solorzano-Garcia's statement to the Border Patrol agent that he knew Soto-Huato intended to assault M.G.C. shows that at least one other conspirator knew of Soto-Huato's intentions. The district court could consider the agent's testimony about Solorzano-Garcia's statement because a sentencing court can consider hearsay if it has "sufficient indicia of reliability." *See Betancourt*, 422 F.3d at 247. This evidence supports the district court's finding that this was a "sexually charged" conspiracy, in which all the conspirators knew of one another's activities.

A conspirator does not need knowledge of a past incident of sexual assault for a future sexual assault to be reasonably foreseeable. *See Gutierrez-Mendez*, 752 F.3d at 428–29. A sexual assault is reasonably foreseeable when alien traffickers seek out sexual activity with female aliens in an environment where weapons are present. *Id.* The conspirators in this case did exactly that. The district court did not clearly err.

AFFIRMED.

7